**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | FILED: JULY 3, 2008<br>08CV3819 |
| Plaintiffs, | ) ) | Case No.   JUDGE ZAGEL<br>MAGISTRATE JUDGE MASON |
| v. | ) ) | District Judge MKH |
| CHICAGOLAND-QUAD CITIES EXPRESS, INC., an Illinois corporation, | ) ) ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present trustees, for their cause of action against Defendant Chicagoland-Quad Cities Express, Inc., an Illinois corporation ("Chicagoland") allege as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Pension Protection Act of 2006, and is a suit to recover employer contributions and surcharges owed to the Pension Fund by Defendant Chicagoland.

2.     This Court has jurisdiction over this action pursuant to §§ 502(e) and 502(f) of ERISA, 29 U.S.C. §§1132(e) and 1132(f).

3.     The Pension Fund is administered in its principal place of business located

in Rosemont, Illinois.  Venue is proper in this District under Sections 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).  Venue is also proper in this District under the forum selection clause of the Pension Fund Trust Agreement ("Trust Agreement").

## PARTIES AND RELATIONSHIP

4.    Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37) and an employee benefit plan within the meaning of 3(3) of ERISA, 29 U.S.C. §1002(3).

5.    The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of those employees of those same employers.

6.    All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses that arise therefrom.

7.    Plaintiff Howard McDougall is a trustee and a "fiduciary" of the Pension Fund within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).   The trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

8.    Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), the trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries.

9.    Defendant Chicagoland is an Illinois corporation and an "employer" and a

"party-in-interest" as those terms are defined, respectively, by §§3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

10.     Local Union No. 781 ("Local 781") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Chicagoland and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

11.     Defendant entered into and agreed to be bound by collective bargaining agreements with Local 781 pursuant to which Chicagoland agreed to pay contributions to the Pension Fund on behalf of certain covered employees.

12.     Chicagoland entered into a Participation Agreement with Local Union No. 781, that requires Chicagoland to pay contributions to the Pension Fund.

13.     Chicagoland agreed to be bound by the Trust Agreement, which requires Chicagoland to "make continuing and prompt payments to the [Pension] Fund as required by the applicable collective bargaining agreements."

14.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

15.     The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

16.     The Pension Fund Trust Agreement provides, in part, that:

Non-payment by an Employer of any moneys due shall not

-3-

relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## COUNT I - CONTRIBUTIONS FROM AUDIT

17.    This paragraph restates and incorporates paragraphs 1 through 16.

18.    Chicagoland self-reported the work history of its employees to the Pension Fund for the period December 31, 2000 through December 28, 2003.

19.    Pursuant to the Trust Agreement, the Pension Fund is permitted to audit payroll records of participating employers in order to verify the accuracy and completeness

of the reported employee work history submitted as part of the self-reporting system.

20.    The Pension Fund audited Chicagoland's records for the period December 31, 2000 through December 28, 2003 to verify the accuracy and completeness of employee work history reported to the Pension Fund by Chicagoland, pursuant to the collective bargaining agreements.

21.    The Pension Fund's audit revealed that Chicagoland had not accurately reported the work history of some of its employees performing work covered under the collective bargaining agreements for the period December 31, 2000 through December 28, 2003.

22.    Article XIV, Section 12 of the Trust Agreement provides:

> An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit. Audit fees will be calculated at the market rate for the metropolitan Chicago area.

## STATUTORY AUTHORITY

23.    ERISA §515, 29 U.S.C. §1145 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24.    ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of –

(i)  interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1954.

## STATUTORY AND CONTRACTUAL VIOLATIONS

25.    Chicagoland has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement and the Trust Agreement by failing to report and pay all of the contributions (and interest due thereon) on behalf of employees performing work covered under the collective bargaining agreements for the period December 31, 2000 through December 28, 2003.

26.    Despite demands that Chicagoland perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Chicagoland has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 25.

27.    Chicagoland owes to the Pension Fund $60,302.41 for unpaid contributions as a result of the conduct set forth in paragraph 25.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief against Defendant Chicagoland:

(a)    A judgment against Chicagoland in favor of the Pension Fund for $60,302.41 in delinquent contributions plus the greater of double interest or single interest plus liquidated damages, all attorneys' fees and costs, and audit costs incurred by the Pension Fund in connection with this action;

(b)    Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged; and

(c)    Such further or different relief as the Court may deem proper and just.

## COUNT II - CONTRIBUTIONS FROM SELF-REPORTING

28.    This paragraph restates and incorporates paragraphs 1 through 16, and 23 through 24.

29.    Chicagoland has self-reported the work history of its employees to the Pension Fund for the period June 2007 through May 2008.

30.    Chicagoland has not paid contributions and interest that its reported work history revealed to be owed based on the work history it reported to the Pension Fund for the period June 2007 through May 2008.

F:265487 / 08310035 / 7/2/08                    -7-

## STATUTORY AND CONTRACTUAL VIOLATIONS

31.    Chicagoland has breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) on behalf of employees performing work covered under the collective bargaining agreements for the period June 2007 through May 2008.

32.    Despite demands that Chicagoland perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Chicagoland has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 31.

33.    Chicagoland owes to the Pension Fund $38,944.41 for unpaid contributions as a result of the conduct set forth in paragraph 31.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief against Defendant Chicagoland:

(a)    A judgment against Chicagoland in favor of the Pension Fund for $38,944.41 in delinquent contributions plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs incurred by the Pension Fund in connection with this action;

(b)    Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged; and

(c)    Such further or different relief as the Court may deem proper and just.

## COUNT III - SURCHARGES

34.    The paragraph restates and incorporates paragraphs 1 through 16 and paragraphs 23 through 24.

35.    On or about March 24, 2008, the Pension Fund's actuary certified pursuant to ERISA § 305(b)(3), 29 U.S.C. §1085(b)(3), that the Pension Fund is in "critical status" within the meaning of ERISA § 305(b)(2), 29 U.S.C. §1085(b)(2), for the 2008 plan year. Thus, the 2008 plan year is the "initial critical year" within the meaning of ERISA §305(e)(7)(A), 29 U.S.C. §1085(e)(7)(A).

36.    On or about March 28, 2008, the Pension Fund gave notice pursuant to ERISA §§ 305(b)(3)(D) and 305(e)(7), 29 U.S.C. §§1085(b)(3)(D) and 1085(e)(7) to all participating employers, including Defendant Chicagoland, that the Pension Fund was in critical status, and that a surcharge would take effect beginning April 27, 2008.

37.    The surcharge has not terminated under ERISA §305(e)(7)(C), 29 U.S.C. §1085(e)(7)(C), with respect to Defendant Chicagoland because one of Chicagoland's collective bargaining agreements is not consistent with one of the rehabilitation plan schedules adopted by the plan.

## STATUTORY AUTHORITY

38.    ERISA § 305(e)(7)(A), 29 U.S.C. §1085(e)(7)(A), provides in pertinent part:

(7) Automatic employer surcharge.–

(A) Imposition of surcharge.– Each employer otherwise obligated to make contributions for the initial critical year shall be obligated to pay to the plan for such year a surcharge equal to 5 percent of the contributions otherwise required under the

applicable collective bargaining agreement (or other agreement pursuant to which the employer contributes)....

39.    ERISA § 305(e)(7)(B), 29 U.S.C. §1085(e)(7)(B) provides:

(B) Enforcement of surcharge.– The surcharges under subparagraph (A) shall be due and payable on the same schedule as the contributions on which the surcharges are based. Any failure to make a surcharge payment shall be treated as a delinquent contribution under section 515 and shall be enforceable as such.

## STATUTORY VIOLATIONS

40.    Chicagoland has breached the provisions of ERISA by failing to pay all of the surcharges on behalf of employees performing work covered under the collective bargaining agreement for the month of May 2008.

41.    Despite demands that Chicagoland perform its statutory obligations with respect to paying surcharges to the Pension Fund, Chicagoland has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 40.

42.    Chicagoland owes to the Pension Fund $659.75 in surcharges for the month of May 2008 as a result of the conduct set forth in paragraph 40.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee, request the following relief against Defendant Chicagoland:

(a)    A judgment against Chicagoland in favor of the Pension Fund for $659.75 in delinquent surcharges plus the greater of doubled interest or single interest plus liquidated damages, and all attorney's fees and costs incurred by the Pension Fund in connection with this action;

F:265487 / 08310035 / 7/2/08                    -10-

(b)    Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged; and

(c)    Such further or different relief as the Court may deem proper and just.


Respectfully submitted,

_____
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3704
ARDC # 6288982
lbacon@centralstatesfunds.org